ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WAYNE RIDEAUX,

Plaintiff,

vs.

CASE NO. 06-CV-10793
HONORABLE BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

MICHAEL BOUCHARD,

Defendant,
_____/

## ORDER REQUIRING SIGNED CERTIFICATION OF INMATE'S TRUST ACCOUNT FROM AUTHORIZED PRISON OFFICIAL AND A CURRENT COMPUTERIZED TRUST FUND STATEMENT OF ACCOUNT

Before the Court is Plaintiff Kenneth Wayne Rideaux's civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is an inmate currently confined at the Oakland County Jail in Pontiac, Michigan. For the reasons stated below, plaintiff is ordered to provide a signed certification of his prison trust account from an authorized prison or jail official within thirty days of this Court's Order. Plaintiff is also ordered to provide the Court with a current computerized trust fund statement of account within thirty days of the Court's order.

The Court notes that although plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a financial certificate signed by plaintiff's custodian or designee, nor has plaintiff provided the Court with a current computerized trust fund statement of account showing

the history of the financial transactions in his institutional trust fund account for the past six months.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. See also McGore v. Wrigglesworth, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. McGore v. Wrigglesworth, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." Id. The district court must then order that the case be dismissed for want of prosecution. Id. If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. Id.

Accordingly, unless plaintiff chooses to pay the filing fee of $ 250.00 in full, the Court **ORDERS** him to provide a financial certificate signed by plaintiff's custodian or designee and a current computerized trust fund statement of

account showing the history of the financial transactions in plaintiff's institutional trust fund account for the last six months. If plaintiff does not provide the requested information to the United States District Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED.**

HON. R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

DATED: 3/8/06